

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW PHILLIPS, PRO SE, <br> TDCJ-CID No. 644019, <br><br> Plaintiff, <br><br> V. <br><br> KEMPH L. WILBUR, ISAAC R. ARZOLA, <br> DOUGLAS DRETKE, JOE S. NUNN, <br> and JOE A. GRIMES, <br><br> Defendants. | § § § § § § § § § § § § § | 2:08-CV-225 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MATTHEW PHILLIPS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff alleges he was written a disciplinary case on March 18, 2007 for assaulting an officer "by pulling away and head butting [the officer] in the face." Plaintiff was found guilty of the charge and was punished by confiscation of privileges and by the loss of 90 days of good time.

Plaintiff claims "his civil rights has been violate [sic] because of due process of law and the way that the report was wrote . and because of his name [punctuation in the original]." Plaintiff further claims "the incident was to insult him under the Christian doctrin [sic] because of the way the case was wrote [sic]." Plaintiff also contends "there [is] an alien system" and "he is King of the jew [sic]."

Plaintiff sues defendant KEMPH because he assisted in writing a report using the word "butthead." He sues defendant ARZOLA because he was present when the report was written. Plaintiff sues defendants DRETKE, NUNN, and GRIMES because each "carried out his active duty."

By his plea for relief plaintiff states "[a]s a district attorney it a constitutionally matter because of the disposition of plaintiff in government."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

To the extent plaintiff is asserting a due process claim concerning the disciplinary hearing at which he was found guilty, plaintiff does not state how he feels his due process rights were violated or who violated them.

Nevertheless, given the loss of ninety days of goodtime, the Court notes a section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been terminated favorably to the section 1983 plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits is not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). Plaintiff's attached grievances show he has not received a favorable outcome by appeal through the grievance process. Therefore, any favorable judgment on a due process challenge to plaintiff's disciplinary case would necessarily call into question or impugn the outcome of his disciplinary case and, therefore, plaintiff's due process claim is barred until the relevant disciplinary determination has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

As to plaintiff's remaining claim that the case was written to insult him and Christian doctrine because the charge utilized the word "butthead," the Court notes this claim is without an arguable basis in fact and is, therefore, frivolous. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). The documents plaintiff has presented include the disciplinary hearing report which shows the phrase "head butt," not "butthead" was utilized in the charge. A head butt is a specific kind of aggressive maneuver and is appropriate language in describing certain types of assault. The use of this word does not implicate Christian doctrine in any way nor does it serve as a particular insult to plaintiff.

To the extent plaintiff feels the existence of this disciplinary case in his file will "insult him and his Christian brothers whenever he come [sic] up for reclassification," or that there is an "alien system" or he is the "King of the jew [sic]," plaintiff has failed to state any claim of constitutional dimension.

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MATTHEW PHILLIPS is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, WITH PREJUDICE AS FRIVOLOUS and WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

4

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  29th  day of December 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE